## No. 17,576.

BYRDIE JOHNSON *v.* HARRY A. JOHNSON.

(287 P. [2d] 49)

Decided August 22, 1955.

Messrs. JENKINS, STEWART & TURSI, for plaintiff in error.

Mr. WILLIAM S. RUSH, for defendant in error.

*En Banc.*

Mr. Justice Clark delivered the opinion of the Court.

This action was commenced by the filing of complaint in the district court of Chaffee County on March 22, 1949, wherein defendant in error and New Amsterdam Casualty Company, a corporation, joined, although each was represented by attorneys of his own selection. The complaint contains two separate claims, the first on behalf of plaintiff Johnson alleging that on March 22, 1948, on a public highway, defendant negligently and carelessly drove a motor vehicle against plaintiff Johnson, as a result of which he was seriously injured and seeks judgment for damages on account thereof. The claim of Amsterdam adopts the allegations of plaintiff Johnson's claim; alleges that it was the carrier of workman's compensation insurance on Johnson and had on account thereof paid out the sum of $15,723.60 for which amount it held Johnson's assignment and was to be subrogated and paid first from any ultimate judgment rendered in his behalf.

April 29, 1949, defendant appeared by counsel and filed his motion for a bill of particulars. July 10, 1950, it appearing from the record that no further progress had been made, the judge of the trial court on his own motion retired the case from the docket but failed to notify counsel for any of the parties. August 10, 1950, plaintiffs voluntarily filed a short bill of particulars. Subsequent thereto and without knowing that the case had been retired from the docket, defendant's counsel presented an answer and then learned of the action of the court in retiring the case from the docket. March 15, 1951, plaintiffs filed a motion for reinstatement of the case on the docket on the ground that they had received no notice, which motion the court granted August 10, 1951. November 30, 1951, defendant filed answer. January 15, 1954, no further progress having been made in said action, counsel for defendant filed a motion to dismiss for failure to prosecute, setting up

"that four terms of court have passed since the matter has been at issue, and that said matter has been at issue for more than two years without any diligent prosecution by any of the plaintiffs or their attorneys." January 22, 1954, defendant's motion to dismiss was presented to and argued before the trial court, one of counsel representing Amsterdam appearing on behalf of plaintiffs although plaintiff Johnson's individual attorney was not present. Following argument the trial court entered an "order" finding defendant's motion to be well taken and ordering that it "be and is hereby granted and the case is hereby dismissed." It then directed that plaintiffs should have sixty days from that date in which to "file their bill of exceptions."

March 5, 1954, Amsterdam, appearing by its attorneys, moved for vacation of said judgment of dismissal, entered on January 22nd, under the provisions of Rule 60 (a) and (b), R.C.P. Colo., and on March 8, 1954, the trial court entered its further order vacating said order of dismissal of January 22nd. March 29, 1954, the trial court again considered the defendant's original motion to dismiss, reviewed the arguments had before it on January 22, 1954, and entered rather extensive findings of fact and conclusions of law in which it recited the proceedings up to date, finding specifically that defendant's answer was filed November 30, 1951, and that from and since that date no motion or pleading was filed by plaintiffs, or either of them; that for more than two years plaintiffs had failed to take any action to bring the cause to trial or to diligently prosecute it; that four terms of the district court of Chaffee County had passed since the matter had been at issue; that plaintiffs and each of them have been negligent in the prosecution of the said case; that the delay in prosecution was attributed to plaintiffs and each of them, and that for that reason the motion of defendant should be sustained, and directed the entry of an order forthwith dismissing plaintiffs' complaint with prejudice. On the same date

an "order" by the trial judge was entered from which we quote as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED that the motion be sustained, and that the complaint of plaintiffs, filed herein, be dismissed."

During the foregoing proceedings plaintiff Johnson had been represented by several different attorneys, the last of which, prior to his present counsel, withdrew from the case on March 10, 1954, on which date counsel now representing plaintiff Johnson entered his appearance in Johnson's behalf, this being nineteen days prior to the entry of the court order above quoted. June 18, counsel presently representing plaintiff Johnson, relying upon the provisions of Rules 60 (b) (1) and (2), R.C.P. Colo., filed a motion entitled "Motion for Relief From Judgment" seeking an order vacating the judgment of dismissal previously entered, alleging first, that through inadvertence plaintiff had been denied his day in court; and, secondly, that defendant's counsel had assured attorneys representing Amsterdam that he would arrange for pre-trial conference, which he failed to do, and that such conduct on counsel's part amounted to misrepresentation.

Pursuant to notice by defendant's counsel the above referred to motion, filed on behalf of plaintiff Johnson, came on for hearing before the judge of the trial court September 7, 1954, and, following argument, the trial court again entered extensive findings of fact and conclusions of law, followed by a document entitled "Judgment" in which it is stated that the court, having heard and considered the arguments of counsel representing both plaintiff Johnson and defendant on "plaintiff's motion for relief from judgment * * *, IT IS THERE-FORE ORDERED, ADJUDGED AND DECREED by the Court that the motion for relief from judgment filed by Byrdie W. Johnson and heard September 7, 1954, be denied."

December 6, 1954, plaintiff Johnson tendered to the

Clerk of this Court his praecipe for writ of error which was issued on December 14, 1954, the purpose being to review what plaintiff designated as "the judgment of the trial court entered September 7th, 1954," contending that the trial court was in error in denying the motion of plaintiff Johnson to grant relief from judgment. New Amsterdam apparently has abandoned said cause and is not a party to this present proceeding. Defendant contends and strongly urges that the writ of error should be dismissed for the reason that plaintiff in error has failed to prosecute his writ of error within three months from the date of the entry of final judgment as provided by Rule 111 (a) and (b), R.C.P. Colo., and in this position he is correct. Defendant previously presented to this Court a motion to dismiss the writ of error, but at that time it evidently was assumed by counsel that the order of the trial court entered September 7, 1954, was the final judgment, and on the basis of that assumption the praecipe had been filed here within ample time.

The question presented on this issue then, is, when was a final judgment entered by the trial court? At what point in the proceedings did the trial court make a final determination of said cause? "The final determination of a cause is a judgment whether the relief granted is equitable or legal." 49 C.J.S., page 26. Any action by a trial court which terminates the proceeding is a final judgment. *Vandy's, Inc. v. Nelson,* 130 Colo. 51, 273 P. (2d) 633, cited with approval in *King v. Williams,* 131 Colo. 286, 281 P. (2d) 163. See, also, *State, ex rel. Meyer v. District Court,* 102 Mont. 222, 57 P. (2d) 778.

It will be noted that the "order" of the trial court entered on March 29, 1954, sustained defendant's motion to dismiss for failure of plaintiffs to prosecute the case with due diligence and "ordered, adjudged and decreed" that plaintiffs' complaint be dismissed, while that entered on September 7, 1954, entitled "Judgment" was simply in denial of plaintiff Johnson's motion for relief from judgment. While these misnomers may have

led to some confusion, nevertheless, there can be no difficulty in distinguishing between the two as it readily becomes apparent that the titles should be transposed. "It has been held that the character of an instrument, whether a judgment or an order, is to be determined by its contents and substance, and not by its title." 49 C.J.S., page 29; *State v. McNichols,* 62 Idaho, 616, 115 P. (2d) 104; *In re McLeod's Estate,* 143 Ore. 233, 21 P. (2d) 1084. An order of court dismissing an action for failure to prosecute has many times been held to constitute a final judgment. *Colby v. Pierce,* 17 Cal. App. 612, 62 P. (2d) 778, cited with approval in *E. Clemens Horst Co. v. Federal Mutual Liability Insurance Co.,* 22 Cal. App. (2d) 548, 71 P. (2d) 599; *Key System Transit Lines v. Superior Court in and for Alameda County,* (Cal. App.) 200 P. (2d) 813; *Gwinn v. Ryan,* 33 Cal. (2d) 436, 202 P. (2d) 51.

Under the authorities cited and many others not mentioned there can be no question that the mandate of the trial court entered on March 29th dismissing the plaintiffs' cause of action, is a final judgment, and this being so, Rule 60 (b), R.C.P. Colo., upon which plaintiff in error relies, furnishes the answer to this question. We quote therefrom:

"A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

■ The judgment of dismissal, entered March 29, 1954 having terminated and put an end to the case, remains final for all purposes and was unaffected by plaintiff's motion to grant relief therefrom. Such motion, in any event, is directed to the discretion of the trial court, and when one files such a motion he admits for all practical purposes that the judgment is in all respects regular on the face of the record, but asserts that the record would show differently except for mistake, inadvertence, or excusable neglect on behalf of counsel or client. No such showing was here presented. If it be that probable error appear in the record, then, of course,

proper procedure indicates a review upon writ of error procured within the prescribed period of time following entry of final judgment. In justice to defendant's counsel with respect to the charge of misrepresentation we simply add that, where it is the practice of nisi prius courts pursuant to adopted rules to call the docket at the opening day of each term, it behooves attorneys having matters pending therein to appear on such occasions and attend the business of their clients, failing in which they may lay no blame for anything that may happen at the feet either of opposing counsel or the court.

The final judgment of the trial court having been entered on March 29, 1954, and the praecipe for writ of error not having been filed with the clerk of this Court until December 6, 1954, it was not within the time provided by Rule 111 (b) and the writ of error issued pursuant thereto is hereby dismissed.