No. 25077.

THE PEOPLE OF THE STATE OF COLORADO *v.* TIMOTHY PATRICK COCHRAN, ALSO KNOWN AS TIMOTHY P. COCHRAN.

(490 P.2d 684)

Decided November 15, 1971.

CARL PARLAPIANO, District Attorney, GORDON R. COOPER, Assistant, for plaintiff-appellant.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-

FARLANE, Chief Deputy, DAROL C. BIDDLE, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THE defendant, Timothy P. Cochran, was convicted of the unlawful possession of a narcotic drug, namely, cannabis sativa L. (marijuana). Following the verdict, defense counsel learned that during its deliberations the jury burned a small portion of the state's evidence and some substances introduced by the defendant in order to compare their odors.

In defendant's motion for judgment of acquittal, new trial and in arrest of judgment, the burning was alleged to constitute misconduct on the part of the jury. The trial court, after an evidentiary hearing, took the matter under advisement and thereafter in granting the motion for new trial, stated:

". . . Although none of the jurors who testified said that at the time this experiment was conducted, anyone made any statement to the effect that Exhibit A smelled like marijuana, the Court will not presume that the jurors did not compare the odors emitted from the various substances burned and arrive at some conclusion from such comparison. The Court's reluctance to make such presumption stems from the fact that the principal issue in the case was whether or not Exhibit A was, in fact, marijuana. Such action on the part of the jurors constituted misconduct sufficient to require a new trial."

The state is seeking to set aside the court's order granting a new trial and to reinstate the verdict. If the state is properly here, it is by virtue of C.R.S. 1963, 39-7-26 which in pertinent part provides:

"(2) Writs of error shall lie on behalf of the state, or the people, to review decisions of the trial court in any criminal case upon question of law arising upon the

trial, motions to quash; demurrers, pleas in bar, pleas in abatement, motions in arrest of judgment, or where a statute is declared unconstitutional."

The defendant challenges the state's right to appeal, relying upon C.A.R. 1(a)(1) which provides:

"(a) Matters Reviewable. An appeal to the appellate court may be taken from:

"(1) A final judgment of any district, superior, probate, or juvenile court in all actions or special proceedings whether governed by these rules or by the statutes;"

It is the defendant's position that the granting of a motion for new trial does not constitute "a final judgment," consequently, the ruling is not appealable.

Turning first to an analysis of 39-7-26(2), we hold that the state's right to appeal exists only where the trial court's decision terminates the prosecution. In the instant case the prosecution has not been terminated. There is no "final judgment." The court has ordered that the defendant be tried again on the same charge. Accordingly, the ruling is not appealable.

It should be noted that the situations covered by the statute, such as the granting of motions to quash, demurrers, pleas in bar, pleas in abatement, motions in arrest of judgment and the declaration of a statute unconstitutional, all result in terminating the prosecution. Although the motions and pleas referred to in the statute have been abolished by Crim. P. 12(a) and Crim. P. 29(a), the legal effect of the present nomenclature for those procedures is the same, that is, a ruling adverse to the state effectively terminates its prosecution of the defendant and results in a "final judgment."

We also note that the general assembly in passing 39-7-26(2) did not include the granting of "a motion for new trial" in the enumeration of the motions from which the state could appeal an adverse ruling.

Consistent with the foregoing is the rule that an order granting a motion for new trial does not constitute

a final judgment. In *Stillings v. Davis,* 158 Colo. 308, 406 P.2d 337, we defined "a final judgment,"

". . . as one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding. . . ."

The appeal is dismissed.