No. C-570

**Mark L. Levine, a/k/a Mark Lee Levine, and Elen S. Levine, formerly known as Ellen Sachter, on behalf of themselves and all others similarly situated v. Empire Savings and Loan Association, James B. Nutter & Company, Midland Federal Savings and Loan Association, Mile High Savings and Loan Association and Western Federal Savings and Loan Association**

(536 P.2d 1134)

Decided June 16, 1975.                           Rehearing denied July 14, 1975.

Hellerstein and Levine, Harry L. Hellerstein; Criswell and Patterson, John A. Criswell, for petitioners.

Calkins, Kramer, Grimshaw & Harring, for respondent Empire Savings and Loan Association.

Law, Nagel and Clark, for respondent James B. Nutter and Company.

Fairfield and Woods, for respondent Midland Federal Savings and Loan Association.

A. M. Lutz, Harland G. Balaban, for respondent Mile High Savings and Loan Association.

Mosley, Wells & Dean, for respondent Western Federal Savings and Loan Association.

*En Banc.*

PER CURIAM

■ Levine for himself and others of a class instituted suit challenging the assumption penalties on certain deeds of trust.

The trial court struck the class action allegations of petitioners' complaint. After their motion for rehearing was denied, petitioners filed a notice of appeal on the judgment dismissing the class action. Three months later, the trial court entered a C.R.C.P. 54(b) order *nunc pro tunc* as of the date petitioners' motion for rehearing was denied.

The Court of Appeals dismissed petitioners' appeal on two grounds: (1) that the trial court had no jurisdiction to enter the 54(b) order after petitioners' notice of appeal had been filed; and (2) that there being no final judgment order under the provisions of Rule 54(b) the notice of appeal was void.

The decision is affirmed.

The cause is remanded to the Court of Appeals with directions to remand to the trial court for further proceedings including opportunity to apply for a new 54(b) order. If the court enters the 54(b) order, the appellate process would apply as in other cases.

MR. CHIEF JUSTICE PRINGLE does not participate.