**Quinto CECONI, Plaintiff-Appellant,**

v.

**GEOSURVEYS, INC., Defendant-Appellee.**

**No. 83CA1129.**

Colorado Court of Appeals, Div. I.

May 10, 1984.

---

DeMuth & Kemp, Alan C. Demuth, Barbara G. Chamberlain, Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

STERNBERG, Judge.

In this action for breach of an employment contract, plaintiff, Quinto Ceconi, appeals from the trial court's entry of summary judgment in favor of defendant, Geosurveys, Inc. We affirm.

In its motion for summary judgment, defendant claimed that plaintiff's complaint, which was filed March 3, 1983, was barred as of six months after the date that the contract had been terminated, pursuant to the terms of a Venezuelan statute of limitations. An affidavit of defendant's president established that the subject contract was executed and performed in Venezuela, and that it was terminated in Venezuela in January 1982. The affidavit of a Venezuelan attorney set forth the six-month Venezuelan limitations statute that defendant claimed was applicable, and expressed the opinion that such statute governed the kind of action brought by plaintiff in this case.

Defendant's motion, together with the supporting affidavits, was filed on May 3, 1983. No hearing thereon was requested or held. On June 9, 1983, the trial court granted the motion, finding that the controlling statute of limitations was that urged by defendant, and that the statute had run before plaintiff's suit had been filed. In its order, the court also stated that the time for filing a response to defendant's motion under C.R.C.P. 121 § 1–15 had expired, and that no opposition to the motion had been received.

## I.

In this appeal, plaintiff initially contends that the trial court "abused its discretion" in granting defendant's motion for summary judgment. In support of this contention, he argues that the trial court acted prematurely in granting the motion, because his time to respond had not run. He also argues that the court erred by treating his failure to respond as a confession of the motion, in violation of the then-effective version of C.R.C.P. 121 § 1–15(3). We find no merit to these arguments.

Unless the time therefor has been enlarged pursuant to C.R.C.P. 6, a party has fifteen days under our rules of procedure to file a brief in response to a motion for summary judgment. C.R.C.P. 121 § 1–15(1). Contrary to plaintiff's assertion, we find no ambiguity in the language of C.R.C.P. 121 with respect to this time limitation. And, where oral argument is neither requested by a party nor ordered by the court, the court is required promptly to determine the motion, based upon the motion and the briefs submitted. C.R.C.P. 121 § 1–15(4). If a party in such circumstances feels that postponement of the ruling is necessary so that opposing facts may be gathered or affidavits obtained, he should take the steps allowed by C.R.C.P. 56(f). *See People ex rel. Garrison v. Lamm,* 622 P.2d 87 (Colo.App.1980). *See also DuBois v. Myers,* (Colo.App. No. 82CA0286, March 15, 1984).

Here, plaintiff neither filed a responsive brief as was allowed by the rule, obtained an enlargement of time so to file, nor took steps under C.R.C.P. 56(f) to postpone the ruling. In addition, nothing else was filed by plaintiff, prior to the court's ruling on the motion, that indicated he intended or desired to challenge the facts submitted by the movant. *Cf. Loup-Miller Construction Co. v. City & County of Denver,* 38 Colo.App. 405, 560 P.2d 480 (1976). Thus, the trial court did not err in ruling on the motion at the time that it did.

We also disagree with plaintiff's assertion that the trial court treated his failure to respond as a confession of the motion. The court made a substantive decision on the motion, as it properly could, on the uncontroverted facts submitted by the movant. C.R.C.P. 56(e); *Heller v. First National Bank,* 657 P.2d 992 (Colo.App. 1982). *See also* C.R.C.P. 56(f).

## II.

We also reject plaintiff's contention that the trial court erred by refusing to grant his motion to set aside the judgment. Such a motion is directed to the sound discretion of the trial court. *Johnson v. Johnson,* 132 Colo. 236, 287 P.2d 49 (1955); *see also Meyer v. Schwartz,* 638 P.2d 821 (Colo.App.1981). We perceive no abuse of discretion under the circumstances here.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.