685 P.2d 769 (1984)
Frank CYR, Jr., Petitioner,
v.
DISTRICT COURT In and For the CITY AND COUNTY OF DENVER and The Honorable Daniel B. Sparr, one of the Judges thereof, Respondents.
No. 83SA307.
Supreme Court of Colorado, En Banc.
July 9, 1984.
Irvin M. Kent, R. Michael Sentel, Denver, for petitioner.
A.A. Lee Hegner, Denver, for respondents.
ROVIRA, Justice.
Petitioner Frank Cyr, Jr., filed this original proceeding under C.A.R. 21 for relief in the nature of mandamus. He challenges the trial court's order denying his motion for entry of a final judgment pursuant to C.R.C.P. 54(b). We issued a rule to show cause and now make the rule absolute.

I.
The petitioner filed a complaint in the district court naming Willamette Management Associates, Inc. (Willamette), an Oregon corporation, as one of the defendants. The complaint alleges that Willamette and the other defendants are liable to petitioner for damages arising from certain securities transactions. Willamette moved to quash service of process and dismiss on the grounds that it did not conduct business in Colorado, and it did not employ, nor is it represented by, agents who conduct its business in Colorado.
After a hearing, the respondent trial court ordered that service of process against Willamette "is quashed and that the action instituted against it by Plaintiff is, and shall be, dismissed." A subsequent motion by petitioner for reconsideration was denied. Petitioner then filed his first petition for relief in the nature of mandamus in this court.
After receipt of the order denying his request that we exercise original jurisdiction, petitioner filed a motion in the district court pursuant to C.R.C.P. 54(b). He requested the respondent to make his order dismissing the action against Willamette a final judgment and determine that there was no just reason for delay, so that an appeal could be filed in the Colorado Court of Appeals from the order dismissing his complaint against Willamette.
*770 The respondent trial court denied the motion. It held that since it had dismissed petitioner's case against Willamette "for failure of in personam jurisdiction of Willamette" it could not enter a judgment because it had no jurisdiction over Willamette. Petitioner then filed the present petition, and we issued a rule to show cause why the respondent should not be directed to consider on its merits petitioner's request for a Rule 54(b) certification.

II.
Petitioner argues that without a C.R.C.P. 54(b) certification he is prevented from appealing the trial court's order quashing service and dismissing his complaint against Willamette. Levine v. Empire Savings & Loan Association, 189 Colo. 64, 536 P.2d 1134 (1975). This inability to appeal will require him to litigate his claims against the other defendants before there can be any appellate review of the trial court's order quashing service and dismissing the complaint as to Willamette.
Counsel for Willamette, responding on behalf of the respondent trial court, argues that an order quashing service is not a final and appealable order under Hoen v. District Court, 159 Colo. 451, 412 P.2d 428 (1966), and therefore a C.R.C.P. 54(b) certification is not warranted. But Hoen is distinguishable. There, the district court granted a motion to quash service of process, but had not dismissed the action against the party served. In contrast, here the petitioner's complaint against Willamette was dismissed. Formally dismissing a party out of a suit forecloses further action against that party unless the dismissal is overturned. Granting a motion to quash service of process is less final; at least in some cases, service can be perfected and the action continued against that party at the trial court level.
The general rule is that an entire case must be decided before any ruling in that case can be appealed. Harding Glass Co., Inc. v. Jones, 640 P.2d 1123 (Colo.1982). C.R.C.P. 54(b) provides exceptions to the general rule and states in part that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Once a certification has been obtained under C.R.C.P. 54(b), an appeal may be taken. Levine, 189 Colo. at 65, 536 P.2d at 1134.
The respondent trial court did not reach the question of whether there was any "just reason for delay" or whether to direct the "entry of judgment" pursuant to C.R. C.P. 54(b) because it found that it had no jurisdiction to enter a judgment. But the trial court misapprehended the nature of its jurisdiction. It may consider a C.R.C.P. 54(b) certification if there is a "final judgment as to one or more but fewer than all of the ... parties"; at that point, if it determines that "there is no just reason for delay" and makes "an express direction for the entry of judgment," then a C.R.C.P. 54(b) certification occurs. The sole issue which we consider here is whether the trial court's order dismissing petitioner's complaint against Willamette for lack of jurisdiction constitutes a final judgment for purposes of permitting the trial court to consider a C.R.C.P. 54(b) certification.
In determining whether an order constitutes a final judgment, we must look not to the title of the instrument but to its content.[1] The fundamental question to be asked is whether the action of the court constitutes a final determination of the rights of the parties in the action.[2] A *771 review of pertinent opinions of this court reveals that, although slightly different verbal formulations have been used, this same basic idea appears in several different contexts to define what a final judgment is. Here, the trial court's dismissal of petitioner's complaint against Willamette was a final judgment under each of the variations.
In Levine v. Empire Savings & Loan Association, 192 Colo. 188, 557 P.2d 386 (1976), a class action suit was dismissed, and the trial court entered a C.R.C.P. 54(b) order. The court of appeals dismissed the appeal, holding that the dismissal of the class action aspects of the case did not finally determine the rights or claims of any particular party. On review we reversed, holding that since the order of dismissal determined the legal insufficiency of the complaint as a class action, the legal effect of the order was tantamount to a dismissal as to all members of the class. The court quoted with approval the rationale of the California Supreme Court in Herrscher v. Herrscher, 41 Cal.2d 300, 259 P.2d 901, 903 (1953), where it said: "[A]n order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectively as would any formal judgment." Here, the order of the respondent dismissing petitioner's complaint against Willamette disposed of the action and prevents any further proceeding in relation to Willamette as effectively as would any formal judgment.
In Ruhter v. Steele, 120 Colo. 367, 209 P.2d 771 (1949), the trial court dismissed the complaint as to two defendants. The defendants moved to dismiss the plaintiff's appeal on the ground that it was not timely filed. The court first considered the effect of the trial court's order of dismissal. It determined that since the trial court intended a final disposition of the controversy it was in effect a judgment from which the plaintiff was required to initiate his appeal within the applicable time period. Accord, Weisman v. LeLandais, 532 F.2d 308 (2d Cir.1976) (since the district court intended to terminate the action, its orders of dismissal are final and properly postured for review). Similarly, by dismissing the petitioner's action against Willamette, the respondent intended a final disposition of the controversy between petitioner and Willamette at the trial court level.
In Johnson v. Johnson, 132 Colo. 236, 287 P.2d 49 (1955), the court held that an order dismissing an action for failure to prosecute was a final judgment. It held that "[a]ny action by a trial court which terminates the proceeding is a final judgment." Id. at 240, 287 P.2d at 52. Accord, Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 96, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921) (a judgment of dismissal is a final judgment and has the requisite finality for the purposes of review because it "effectively terminates the particular case, prevents the plaintiff from further prosecuting the same and relieves the defendant from putting in a defense"). Here, the trial court determined that Willamette was not subject to the jurisdiction of the court. Its order of dismissal was a termination of the proceeding and had the effect of a final judgment.
In our opinion, the trial court had jurisdiction to consider petitioner's 54(b) request and to determine whether there was "no just reason for delay." The cause is remanded for proceedings consistent with this opinion.
The rule is made absolute.
NOTES
[1] In Johnson v. Johnson, 132 Colo. 236, 241, 287 P.2d 49, 52 (1955), we quoted with approval the following language from 49 C.J.S. Judgments § 5 (1947): "It has been held that the character of an instrument, whether a judgment or an order, is to be determined by its contents and substance and not by its title." Accord, Nestegard v. Investment Exchange Corporation, 5 Wash.App. 618, 489 P.2d 1142 (1971).
[2] In County Court v. Eagle Rock Co., 50 Colo. 365, 371, 115 P. 706, 708 (1911), the court defined a final judgment in these words: "A final judgment is one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties thereto involved in that suit."