In re the MARRIAGE OF Linda S. SNYDER, Appellee,

and

Dale A. Snyder, Appellant.

No. 83CA0952.

Colorado Court of Appeals, Div. IV.

April 11, 1985.

White and Steele, P.C., Michael W. Anderson, Denver, for appellee.

Dale A. Snyder, pro se.

ENOCH, Chief Judge.

In this consolidated appeal in a dissolution of marriage action between Dale A. Snyder (husband), and Linda S. Snyder (wife), husband, appearing *pro se*, seeks review of the trial court's denial of his C.R.C.P. 60(b) motion filed June 13, 1983, and its denial of his C.R.C.P. 60(b) and C.R.C.P. 59(a)(4) motions filed October 18, 1983. We affirm.

In June 1983, following entry of permanent orders, husband filed a C.R.C.P. 60(b) motion for relief from judgment. As grounds for the relief requested, husband alleged, in essence, that his attorney had provided poor legal advice and had not acted in his best interests. In particular, husband asserted that his attorney had conducted inadequate discovery, had failed to present financial records which husband

allegedly delivered to him, and had failed to advise husband of his right to a new hearing. This motion was denied by the trial court without hearing.

■ The grant or denial of a motion for relief pursuant to C.R.C.P. 60(b) lies within the sound discretion of the trial court, and its decision will not be disturbed absent an abuse of discretion. *Johnson v. Johnson*, 132 Colo. 236, 287 P.2d 49 (1955); *Ceconi v. Geosurveys, Inc.*, 682 P.2d 68 (Colo.App. 1984).

■ Where a motion requires consideration of facts not appearing in the record, a party may file affidavits together with the motion. C.R.C.P. 121 § 1–15(2). In addition, C.R.C.P. 121 § 1–15(3) allows the trial court to deny a motion concerning contested issues of law if, as required by the rule, the moving party fails to incorporate legal authority into his motion or in a separate brief. A *pro se* litigant is required to follow the same rules of procedure and evidence which are binding upon those admitted to the practice of law. *Loomis v. Seely*, 677 P.2d 400 (Colo.App. 1983).

■ Here, the alleged grounds for relief concerned facts not appearing of record, and husband failed to file any affidavits in support thereof. Also, he did not refer to any legal authority to support his motion. Therefore, we find no abuse of discretion in the trial court's denial of his C.R.C.P. 60(b) motion.

In October 1983, husband filed another C.R.C.P. 60(b) motion, as well as motions requesting a new hearing based on newly discovered evidence. The motions for a new hearing alleged that newly discovered evidence found in the reporter's transcript revealed that wife's 1980 income was greater than that revealed by her financial affidavit; that wife's 1981 financial affidavit failed to disclose her assets; that the parties' antenuptial agreement, which was not considered by the trial court prior to entry of permanent orders, constituted newly discovered evidence; and that husband's mental disability, which existed from 1972 but was not discovered until after the hearing on permanent orders, constituted newly discovered evidence entitling husband to a new hearing. Husband's second C.R.C.P. 60(b) motion reiterated the grounds alleged in his first C.R.C.P. 60(b) motion (see Part I), as well as the allegations contained in the foregoing motions for new hearing.

In support of these motions, husband filed an affidavit in which he merely restated the allegations contained in the motions. In addition, certain financial records were submitted. The trial court denied these motions without hearing.

■ Again, we find no abuse of discretion in the trial court's denial of husband's C.R.C.P. 60(b) motion. Although the motion and supporting affidavit assert that wife fraudulently misrepresented her financial position, the financial records, rather than substantiating husband's contentions, support wife's financial disclosure. Moreover, husband's unhappiness with his attorney's representation, which apparently stems from the trial court's permanent orders, does not entitle him to relief from judgment. *Eadon v. Reuler*, 146 Colo. 347, 361 P.2d 445 (1961).

■ We also reject husband's contention that the trial court erred by refusing to grant his motions for new hearing based upon newly discovered evidence. Where a new trial is sought on grounds of newly discovered evidence, the applicant must establish that the evidence could not have been discovered in the exercise of reasonable diligence and produced at trial. *People in Interest of P.N.*, 663 P.2d 253 (Colo. 1983). It is evident from the record that husband has failed to establish this here.

We have examined husband's contentions as to the propriety of the permanent orders, and conclude that the record reveals no abuse of discretion by the trial court. Also, when given the opportunity, husband did not appear or offer evidence in support of his contention that the record had been altered.

Orders affirmed.

HODGES and SILVERSTEIN, JJ.,* concur.