Ralph **HERRERA,** d/b/a Construction Enterprise, Excavating and Construction Enterprises Excavating, Inc., Plaintiff-Appellee,

v.

Stanley **ANDERSON,** d/b/a Anderson Excavating, Defendant-Appellant.

No. 85CA0169.

Colorado Court of Appeals, Div. II.

March 5, 1987.

No appearance for plaintiff-appellee.

Bell & Pollock, Bradley P. Pollock, Littleton, for defendant-appellant.

SMITH, Judge.

In this action to recover amounts due under a construction contract, defendant, Stanley Anderson, appeals from the judgment of the trial court entered in favor of plaintiff in the amount of $21,595. The judgment was entered following a trial to the court at which Anderson was neither present nor represented by counsel. We affirm.

This case was originally filed on June 30, 1982. Anderson obtained the services of an attorney who filed an answer on August 25, 1982. The matter was then set for trial on May 30, 1984, with a pretrial conference scheduled for March 12, 1984.

Sometime in late February 1984, Anderson's attorney committed suicide, leaving him without counsel. Consequently, no one appeared on his behalf at the March pretrial conference, nor did Anderson himself attend.

The trial court, aware that defense counsel had died, caused Anderson to be notified that the trial was scheduled for May 30, 1984, and that the pretrial conference had been rescheduled for April 24, 1984. Further, Anderson was informed that he would have to appear either in person or by counsel at the pretrial conference or the court would take appropriate sanctions against him which could include judgment by default.

Defendant attempted to obtain the services of a new attorney, but that attorney refused to take the case unless a continuance of the trial date was granted. That attorney requested that plaintiff stipulate to a continuance; however, he refused. On May 4th, the new attorney filed a motion with the court in which he entered a "special appearance" and requested that the trial date be continued. This motion was not set for hearing nor was it ruled upon.

Meanwhile, neither defendant nor his attorney appeared at the April 24th pretrial conference. On May 30th, when defendant failed to appear for the scheduled trial date, the court took evidence and entered judgment for plaintiff. Anderson subsequently filed a motion to set aside the judgment which was denied, and a motion for reconsideration which was also denied.

On appeal, Anderson argues that the trial court improperly refused to set aside the judgment and grant him a new trial based solely on the fact that its docket was severely crowded. We disagree.

The granting or denial of a motion for relief from judgment is committed to

the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of that discretion. *In re Marriage of Snyder,* 701 P.2d 153 (Colo.App. 1985).

Here, the trial court based its decision to deny the motion to set aside judgment on several factors. It noted that Anderson had been informed of the trial date well in advance but had failed to appear on that date even to ask for a continuance. Further, he did not have counsel for the trial, and although his attorney had entered a special appearance and filed a motion for continuance, the motion had not been set for hearing or otherwise pursued.

Under these circumstances, the trial court did not abuse its discretion in denying the motion to set aside judgment.

Anderson next argues that the trial court erred in determining that it was incumbent upon him to set the motion to continue for a hearing in order to obtain a ruling on it.

The burden is on the appellant to provide a record on appeal which justifies reversal of a trial court's judgment, and absent such a record, we presume the regularity of the trial court's proceedings. *Alessi v. Hogue,* 689 P.2d 649 (Colo.App. 1984).

Defendant's combined entry of "special appearance" and motion for continuance of the trial date along with any supporting legal authority and affidavits are not included in the record on appeal. The record does indicate, however, that the motion was filed on May 4th and was, in effect, denied by the trial court on the day of trial when defendant failed to appear.

C.R.C.P. 121 § 1–11 provides that motions for continuances of trials shall be determined in accordance with C.R.C.P. 121 § 1–15 and shall be granted only for good cause. C.R.C.P. 121 § 1–15 provides for the filing of affidavits and briefs in support of a motion, and directs that, if possible, a motion is to be determined on the basis of the written materials. However, it permits the court to order a hearing and further states:

"If the court desires or authorizes oral argument or an evidentiary hearing, all parties shall be so notified by the court. After notification, it shall be the responsibility of the moving party to have the motion set for oral argument or hearing...."

We agree with Anderson's contention that pursuant to this rule, it is neither required nor necessary that a motion be set for hearing unless a hearing is ordered by the trial court. However, it goes without saying that one who affirmatively seeks relief, such as a continuance, must pursue his request to its disposition before he can complain. Here, since there is no indication that Anderson requested oral argument, or that he took any action to bring the motion to the attention of the trial court prior to May 30th, or whether it was supported by legal authority or factual affidavits, we accept, as justified, the trial court's apparent conclusion, based on its comments, that the motion had been abandoned.

Anderson also argues that he has been denied the right to due process and counsel, that during trial plaintiff's witnesses were interrogated by leading questions to such a degree that the court, in reality, only received testimony from plaintiff's attorney, that the evidence does not support the damage award, and that the final order signed by the court did not relate to the evidence and did not conform to the parties actually named in the lawsuit.

However, these issues were not raised in the trial court. Therefore, they are not properly before us, and we do not address them. *See Front Range Partners v. Hyland Hills Metropolitan Park & Recreation District,* 706 P.2d 1279 (Colo.1985); *Sisneros v. First National Bank,* 689 P.2d 1178 (Colo.App.1984).

Accordingly, the order of the trial court denying defendant's motion to set aside the judgment is affirmed.

KELLY and STERNBERG, JJ., concur.