The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Earl CAMPBELL, Defendant-Appellee.

No. 85SA313.

Supreme Court of Colorado, En Banc.

June 15, 1987.

Rehearing Denied July 13, 1987.

Barney Iuppa, Dist. Atty., Robert M. Brown, Chief Deputy Dist. Atty., Gary Hoffman, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, State Public Defender, Pamela Stross Kenney, Marilyn S. Chappell, Deputy State Public Defenders, Denver, for defendant-appellee.

VOLLACK, Justice.

The People appeal from an order of the El Paso District Court dismissing charges against the defendant based on denial of his right to a speedy trial. We reverse and remand for reinstatement of the mandatory sentence originally imposed by the trial court.

I.

After the robbery of a pharmacy in Colorado Springs in September 1982, the defendant was charged with aggravated robbery of a controlled substance, section 18–4–303, 8B C.R.S. (1986); conspiracy to commit aggravated robbery, section 18–2–201, 8B C.R.S. (1986); crime of violence, section 16–11–309, 8A C.R.S. (1978 & 1985 Supp.); and habitual criminal, section 16–13–101, 8A C.R.S. (1986). A jury trial was held in May 1983, and the defendant was convicted of all counts, including the habitual criminal charges.

New counsel was appointed after the trial, and in November 1983, the defendant filed a motion for new trial. In April 1984 the trial court sentenced the defendant to

life imprisonment[1] and denied the defendant's motion for new trial. In May 1984 the defendant filed a motion for reconsideration of the trial court's denial of his motion for new trial. The trial court granted this motion for reconsideration in June 1984, and set the matter for hearing. At the hearing in September 1984, the trial court granted the motion for new trial on the grounds of ineffective assistance of counsel.

By February 1985 the defendant's new trial had not yet commenced, and he filed a motion to dismiss. A hearing on the motion was held in March 1985. In April 1985, the defendant's motion to dismiss was granted on the grounds of violation of his rights to due process and effective assistance of counsel, and his right to remain silent.

The People filed a motion for reconsideration, which was granted. Upon reconsideration, the trial court denied the motion to dismiss on May 14, 1985. The defendant filed a motion asking the court to reconsider its May 14, 1985, order. At a hearing in August 1985, the trial court again ordered the charges against the defendant dismissed based on the violation of his right to a speedy trial. The People filed a notice of appeal on September 11, 1985.

The issues raised on appeal are (1) whether the trial court had jurisdiction to reconsider and reverse its own denial of the defendant's first motion for new trial; (2) if the trial court had such jurisdiction, whether it erred in granting the motion for new trial on grounds of ineffective assistance of counsel; and (3) if the trial court had jurisdiction, whether it erred in granting the defendant's motion to dismiss on speedy trial grounds.

The first issue is dispositive of the case, so we decline to address the second and third issues. We reverse the trial court's order and remand for reinstatement of the sentence imposed by the trial court.

## II.

The People argue that the trial court lacked jurisdiction to act once it had sentenced the defendant and denied his motion for new trial. The defendant contends that the trial court retained jurisdiction until notice of appeal was filed. The issue presented is narrow: Once a defendant's motion for new trial has been denied and sentence imposed, does the sentencing court retain jurisdiction to enter rulings on subsequent motions? We hold that it does not.

Principles previously applied by this court apply here, although we have not before addressed these particular facts. We are asked to define the trial court's jurisdictional authority when two actions have been taken by the court: (1) sentence has been imposed on the defendant, and (2) his motion for new trial has been denied.

First, we address sentencing of the defendant. If the sentence imposed "is a valid one, the trial court loses jurisdiction to change the sentence." *Smith v. Johns,* 187 Colo. 388, 390, 532 P.2d 49, 50 (1975). "[A] trial court loses jurisdiction upon imposition of a valid sentence except under the circumstances specified in Crim.P. 35." *People v. Wiedemer,* 692 P.2d 327, 329 (Colo.App.1984). Crim.P. 35 governs postconviction remedies, correction of an illegal sentence, reduction of a sentence, and other grounds of postconviction review. Because the motions presented here were not Crim.P. 35 motions for postconviction review, that rule does not apply.[2] The legality of the sentence itself is not at issue here. The trial court thus lost jurisdiction to reconsider its denial of a motion for new trial when it imposed a valid sentence upon the defendant.

Second, we look at the denial of defendant's first motion for new trial. The general rule is that once a trial court enters a final judgment in a proceeding, it has no power to take further action. *Brooke v.*

---

**1.** The sentence of life imprisonment was mandatory because of the defendant's conviction as a habitual criminal. § 16–13–101(2), 8A C.R.S. (1986).

**2.** Under Crim.P. 35, a trial court retains jurisdiction to reconsider a sentence for 120 days after the sentence is imposed. *People v. Marchese,* 37 Colo.App. 65, 66, 541 P.2d 1264, 1266 (1975).

*People*, 139 Colo. 388, 394, 339 P.2d 993, 996 (1959). "Any action taken by a court when it lacked jurisdiction is a nullity." *People v. Dillon*, 655 P.2d 841, 844 (Colo. 1982). The question then becomes whether the actions taken by the court in denying the defendant's motion for new trial and imposing a sentence constituted a final judgment.

The judgment in a criminal case includes imposition of the sentence. Crim.P. 32(c), 7B C.R.S. (1986). "A final judgment is defined as one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Stillings v. Davis*, 158 Colo. 308, 310, 406 P.2d 337, 338 (1965). *See Bye v. District Court*, 701 P.2d 56 (Colo.1985) (trial court's order as to attorneys' fees satisfied finality requirement and was properly addressed by the court of appeals). We have previously held that "an order *granting* a motion for new trial does not constitute a final judgment." *People v. Cochran*, 176 Colo. 364, 366–67, 490 P.2d 684, 685 (1971) (emphasis added).[3] An order granting a new trial is not a final judgment because there is further action to be taken by the court "in order to completely determine the rights of the parties involved in the proceeding." *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977). "When a motion for a new trial is granted, the issues stand undisposed of as if the cause had never been tried." *Gonzales v. Trujillo*, 133 Colo. 64, 65, 291 P.2d 1063, 1064 (1956).

Crim.P. 32 states, in part:

(c) **Judgment**.... [T]he court shall, *after passing sentence*, inform the defendant of his rights concerning appellate review of his sentence, and of his rights to seek postconviction reduction of sentence in the trial court under the provisions of Rule 35(b).

Crim.P. 32(c), 7B C.R.S. (1984) (emphasis added). The language of the rule supports the view that, after passing sentence, defendant's remedies lie with appellate review and Crim.P. 35(b) motions, but not with the motions described in this case. In *People v. Weller*, 679 P.2d 1077 (Colo.1984), we pointed out that "[f]inal judgments are described in Crim.P. 32(c)." *Id.* at 1081 n. 1.

The language of C.A.R. 1(a)(1) provides for appellate review from a "final judgment of any district, superior, probate, or juvenile court...." We have held that an appeal taken from the *granting* of a motion for new trial must be dismissed, because the judgment below is not final. *Cochran*, 176 Colo. at 366, 490 P.2d at 685; *Andrews v. Hayward*, 149 Colo. 585, 369 P.2d 980 (1962).

The facts presented here are to be distinguished from the facts presented in *Weller*. There, the defendant was convicted and filed a motion for new trial, which was granted. The prosecution filed a motion for reconsideration, which was also granted. Upon reconsideration, the district court held that the defendant's motion for new trial should have been denied, and so ordered. The defendant appealed, arguing that the district court did not have authority to revoke its initial order granting a new trial. After acknowledging the split in authority, we held that a trial court may rescind its order granting a new trial (1) before a final judgment is entered and (2) before a notice of appeal is filed. We characterized the order granting a new trial as an interlocutory order, based on *Cochran*. *Weller*, 679 P.2d at 1081 n. 1. This is because the effect of the order is that "[t]he court has ordered that the defendant be tried again on the same charge." *Cochran*, 176 Colo. at 366, 490 P.2d at 685.

■ In contrast, when *denying* a motion for new trial, nothing remains for the trial court to do except to impose sentence pursuant to Crim.P. 32(c). Once the trial court

---

**3.** This court has stated in dicta that "an order granting *or denying* a new trial is not reviewable on appeal." *Gonzales v. Trujillo,* 133 Colo. 64, 65, 291 P.2d 1063, 1064 (1956) (emphasis add-

ed). To the extent that this quoted language conflicts with our holding now, we disapprove the dicta in *Gonzales.*

denies the motion for new trial and sentences the defendant, there are no further issues requiring disposition by the court, even when notice of appeal has not been filed. This analysis leads to the conclusion that a court which has both denied a defendant's motion for new trial and imposed sentence has entered a final judgment for purposes of jurisdiction.[4]

Based on this analysis, we hold that the post-final judgment orders of the district court were void because "the trial court was divested of jurisdiction ..., leaving the trial court powerless." *People v. Dillon*, 655 P.2d 841, 844 (Colo.1982).

### III.

 In the alternative, the defendant contends that we are without jurisdiction to hear this case. He suggests that if we find that the trial court lost jurisdiction when it imposed sentence and denied his motion for new trial, then the People failed to file a timely notice of appeal. Under C.A.R. 4(b), the state is required to file a notice of appeal within forty-five days after the entry of the judgment or order from which appeal is taken. C.A.R. 4, 7B C.R.S. (1984).

Here, the trial court's imposition of sentence and denial of the defendant's first motion for new trial occurred on April 27, 1984. The first ruling adverse to the People was the granting of the defendant's second motion for new trial in September 1984. However, we have already held in *People v. Cochran*, 176 Colo. 364, 490 P.2d 684 (1971), that an order granting a motion for a new trial is not a final judgment for purposes of appeal. The argument that the People did not timely file notice of appeal is erroneous. The People could not have appealed from the trial court's granting of the defendant's motion for new trial because it was not a final judgment, and

the trial court mistakenly believed that it still had jurisdiction.

The trial court's final ruling, for purposes of the People's appeal, was the dismissal of the charges on speedy trial grounds on August 2, 1985. Notice of appeal was filed by the People on September 11, 1985. Because this notice was filed within the forty-five day limit, we conclude that notice of appeal was timely filed.

We reverse the trial court's dismissal order, and remand for reinstatement of the sentence imposed by the trial court.

---

4. An appropriate analogy exists in civil case law. We have held that a court's order dismissing a complaint is a final judgment. *Johnson v. Johnson*, 132 Colo. 236, 287 P.2d 49 (1955) (trial court's order dismissing plaintiff's cause of action was a final judgment because it "terminated and put an end to the case, remains final for all purposes and was unaffected by plaintiff's motion to grant relief therefrom." *Id.* at 241, 287 P.2d at 52). In contrast, we have held that denial of a motion for judgment on the pleadings is not a final judgment, *North Sterling Irrigation Dist. v. Knifton*, 132 Colo. 212, 280 P.2d 612 (1955), nor is denial of a motion for summary judgment. *Glennon Heights, Inc. v. Central Bank & Trust*, 658 P.2d 872 (Colo.1983).