Joe FIEBIG, Complainant–Appellee,

and

State Personnel Board, State of Colorado, Appellee,

v.

WHEAT RIDGE REGIONAL CENTER, Respondent–Appellant.

No. 87CA1897.

Colorado Court of Appeals, Div. III.

April 27, 1989.

Rehearing Denied June 1, 1989.

Certiorari Denied Oct. 2, 1989.

Leo Gemma, Jr., & Associates, P.C. and Leo Gemma, Jr., Littleton, for complainant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carolyn Lievers, First Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge NEY.

Wheat Ridge Regional Center (the Center) seeks review of the orders of the State Personnel Board (the Board) in connection with the termination of Joe Fiebig's employment with the Center. We affirm in part, and dismiss in part.

Fiebig's employment with the Center was terminated by the appointing authority for willful misconduct, based on allegations that he had sexually abused one of its clients. Fiebig appealed his termination to the Board, and a hearing was held before a hearing officer. The hearing officer ruled that the allegations against Fiebig were without merit and that his termination for willful misconduct was arbitrary and capricious. Nevertheless, the hearing officer upheld the termination on other grounds, ruling that Fiebig was no longer able to perform his assigned job duties because of the accusations of sexual abuse made against him. Both Fiebig and the Center appealed the hearing officer's decision to the Board.

On February 11, 1987, the Board affirmed the hearing officer's ruling that Fiebig's termination for willful misconduct was arbitrary and capricious. However, the Board also ruled that the hearing officer's findings of fact were insufficient to support the conclusion that the unproven allegations of sexual misconduct rendered Fiebig unable to perform his assigned job duties. The Board remanded the case for a new hearing to determine whether inability to perform job duties was a lesser included offense of willful misconduct and whether Fiebig was able to perform his assigned job duties.

On March 17, 1987, the Center filed a notice of appeal in this court, seeking judicial review of the Board's February 11 order. On May 26, 1987, we dismissed that review proceeding without prejudice for lack of final agency action by the Board. *See* § 24-4-106(11)(b), C.R.S. (1988 Repl. Vol. 10A); *State Personnel Board v. District Court,* 637 P.2d 333 (Colo.1981).

On March 19, 1987, while the Center's review was pending in this court, a second hearing, based upon the Board's February 11 remand, was conducted. The Center failed to appear at this hearing, and on May 21, the hearing officer ruled that the Center had failed to carry its burden of proving that Fiebig was no longer able to perform his assigned duties. The hearing officer also ruled that inability to perform job duties was not a lesser included offense of willful misconduct and, therefore, ordered that Fiebig be reinstated to his former position with full back pay, benefits, and service credits. This order was mailed to the parties on May 22, 1987.

On May 26, 1987, the Center filed a motion with the Board seeking an order declaring the May 21 order to be void because of lack of agency jurisdiction over the matter while the Center's review proceeding in this court was still pending. This motion was denied by the Board on June 26, 1987.

On July 17, 1987, the Center filed an appeal with the Board, challenging the substance of the May 21 order. On November 10, 1987, the Board dismissed the appeal as being untimely. The Center then filed a notice of appeal with this court on December 14, 1987, seeking review of the Board's orders of February 11, June 26, and November 10. We affirm the Board's November 10 order, and we dismiss the remainder of this review proceeding for lack of jurisdiction.

This court has jurisdiction to review the final order of the Board of November 10, 1987, as to the timeliness of the Center's appeal to the Board of the May 21 order. *See* § 13-4-102(2)(p), C.R.S. (1987 Repl.Vol. 6A); § 24-50-125.4(3), C.R.S. (1988 Repl.

Vol. 10B); § 24–4–106(11)(b), C.R.S. (1988 Repl.Vol. 10A). Any administrative appeal of the May 21 order had to have been filed with the Board within thirty days after its service on the parties on May 22, 1987. *See* § 24–50–125.4(4), C.R.S. (1988 Repl. Vol. 10B); § 24–4–105(14), C.R.S. We find no merit in the Center's claims that it complied with this statutory requirement.

■ As noted by the Board, the Center's appeal of the May 21 order was not filed with the Board until July 17, 1987, well beyond the thirty-day period prescribed by statute. Moreover, contrary to the Center's argument, the running of the time for filing an appeal with the Board was not tolled by the filing of the motion challenging the jurisdiction of the hearing officer for the March 19 hearing. It was neither necessary nor reasonable for the Center to wait for a ruling on that motion before filing an appeal with the Board. There are no statutory or regulatory provisions that permit an extension of time for filing an administrative appeal upon the filing of post-judgment motions. *See* § 24–50–125.4(4), C.R.S. (1988 Repl.Vol. 10B); C.R.C.P. 81(a).

■ The Board also properly refused to construe the May 26 motion for declaratory order as an administrative appeal from the May 21 order. In any event, even if the motion for declaratory order were construed as an administrative appeal, we note that this court lacks jurisdiction to review the final order of the Board denying the motion as the review proceeding was filed in this court more than five months after service of the order. *See* § 24–50–125.4(3), C.R.S. (1988 Repl.Vol. 10B); § 24–4–106(11)(b), C.R.S. (1988 Repl.Vol. 10A).

■ We conclude that the Board properly ruled in its November 10 order that the hearing officer had jurisdiction to hold the March 19 hearing and to issue a ruling even after the Center filed its notice of appeal with this court on March 17.

■ Although as a general rule the filing of a notice of appeal seeking judicial review divests an administrative agency of jurisdiction, an appeal to a court without jurisdiction does not divest the agency of jurisdiction to proceed with the action on the merits. Here, since the Board's February 11 order was interlocutory, this court did not have jurisdiction to review that ruling, and the notice of appeal was void. *See Levine v. Empire Savings & Loan Ass'n.*, 189 Colo. 64, 536 P.2d 1134 (1975). Therefore, the Board and its hearing officer retained jurisdiction to proceed with the matter on remand from the Board notwithstanding the Center's filing a notice of appeal in this court. *See Leonhard v. U.S.*, 633 F.2d 599 (2d Cir.1980); *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385 (9th Cir. 1966); *Veazey v. City of Durham*, 231 N.C. 357, 57 S.E.2d 377 (1950).

Thus, we conclude that the Board in its November 10 order properly dismissed the Center's administrative appeal as being untimely. Accordingly, it follows that this court lacks jurisdiction to review the Board's orders as to the merits of the disciplinary action. The May 21 ruling by the hearing officer automatically became the final decision of the Board in the absence of a timely administrative appeal. *See* § 24–50–125.4(4), C.R.S. (1988 Repl.Vol. 10B); § 24–4–105(14), C.R.S. (1988 Repl. Vol. 10A); *North Washington Street Water & Sanitation District v. Emerson*, 626 P.2d 1152 (Colo.App.1980).

The Board's November 10 order is affirmed, and the remainder of this review proceeding is dismissed for lack of jurisdiction.

FISCHBACH and ENOCH,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).