### HI–COUNTRY HOMEOWNERS ASSOCIATION, a Utah corporation, Petitioner,

v.

### PUBLIC SERVICE COMMISSION OF UTAH: Brent H. Cameron, Commissioner, James M. Byrne, Commissioner, Brian T. Stewart, Commissioner; and Foothills Water Company, Respondents.

### Division of Public Utilities, Intervenor.

### No. 880178.

Supreme Court of Utah.

Sept. 6, 1989.

Robert A. Bentley, Salt Lake City, for petitioner.

David L. Stott, Salt Lake City, for Public Service Com'n.

Val Antczak, Salt Lake City, for Foothills Water Co.

David L. Wilkinson, Stephen G. Schwendiman, Dale T. Coulam, Salt Lake City, for Div. of Public Utilities.

HALL, Chief Justice:

Hi–Country Homeowners Association ("Homeowners") seeks review of the order of the Public Service Commission ("Commission") which sanctioned standby fees[1] imposed by Foothills Water Company ("Foothills").

---

**1.** A standby fee is a charge levied against lots which lie adjacent to a water main but are not yet connected for service.

The order complained of was entered before the Commission in a case designated as No. 85–2010–01. In that proceeding, Homeowners did not challenge the legality of the standby fees, nor did they seek review and rehearing before the Commission on that issue.

In a subsequent case before the Commission, No. 87–2010–T03, Foothills proposed certain tariff modifications, none of which bore any relationship to the issue of the legality of standby fees. Homeowners filed objections to the request for tariff modifications but did not raise the issue of the legality of standby fees. Following oral argument, the Commission ruled upon the objections posed by Homeowners without mention of the legality of standby fees.

In yet a further proceeding before the Commission, No. 88–2010–01, Homeowners filed a petition for a declaratory order of the Commission, wherein they challenged for the first time the legality of the imposition of standby fees. However, at the instance of Foothills, the Commission stayed further proceedings in that case pending the outcome of a district court action involving a dispute between Foothills and Homeowners over the ownership of the water supply system operated by Foothills, the resolution of which would substantially affect the issues raised in case No. 88–2010–01.

Following the entry of the Commission's stay order in case No. 88–2010–01, Homeowners filed a petition for review or rehearing in case No. 87–2010–T03, introducing for the first time in that case the issue of the legality of the imposition of standby fees. The Commission summarily dismissed Homeowners' petition on procedural grounds insofar as it sought to invalidate the standby fees, and thus the Commission did not reach the merits of the issue.

Preliminarily, the intervenor, Division of Public Utilities, moved for summary disposition in this Court on jurisdictional grounds, citing Homeowners' failure to comply with the provisions of Utah Code Ann. § 54–7–15 (Cum.Supp.1989) and §§ 63–46b–12 and 63–46b–14 (Supp.1987) (amended 1988).[2] However, the Court reserved the jurisdictional issue for plenary review.

The foregoing statutes provide in pertinent part:

54–7–15. Review or rehearing by commission—Application—Procedure—Prerequisite to court action.

(1) *Before seeking judicial review of the commission's action,* any party, stockholder, bondholder, or other person pecuniarily interested in the public utility who is dissatisfied with an order of the commission *shall meet the requirements of this section.*

(2)(a) *After any order or decision has been made by the commission,* any party to the action or proceeding, or any stockholder or bondholder or other party pecuniarily interested in the public utility affected *may apply for rehearing of any matters determined in the action or proceeding.*

(b) *No applicant may urge or rely on any ground not set forth in the application in an appeal to any court.*

63–46b–12. Agency review—Procedure

(1) If a statute or the agency's rules permit parties to any adjudicative proceeding to seek review of an order by the agency or a superior agency, *the aggrieved party may file a written request for review within ten days after the issuance of the order* with the person or entity designated for that purpose by statute or rule.

63–46b–14. Judicial review—Exhaustion of administrative remedies.

---

**2.** Utah Code Ann. § 54–7–15 was amended by 1987 Utah Laws ch. 161, § 167 (effective Jan. 1, 1988) and Utah Code Ann. §§ 63–46b–12 and 63–46b–14 were enacted by 1987 Utah Laws ch. 161, § 315 (effective Jan. 1, 1988). These latter sections were amended by 1988 Utah Laws ch.

72, §§ 22, 24 (effective April 25, 1988). A comparable statutory provision existed prior to these enactments and amendments. *See* Utah Code Ann. § 54–7–15 (1986), *applied in Williams v. Public Service Comm'n,* 754 P.2d 41, 46 (Utah 1988).

(1) *A party aggrieved may obtain judicial review of final agency action except in actions where judicial review is expressly prohibited by statute, only after exhausting all administrative remedies available....*

(Emphasis added.)

Thus, in instances such as this, a party seeking judicial review of a final order of the Commission must comply with statutory provisions and remedies, which here required an initial determination of the issue by the Commission followed by an additional application for review or rehearing. Failure to meet these jurisdictional prerequisites for judicial review by this Court in this case requires dismissal.

In the recent case of *Williams v. Public Service Commission*,[3] the identical jurisdictional issue was presented and the Court had this to say:

> *Prior to deciding the substantive questions presented by the parties, this Court must ascertain whether it has subject matter jurisdiction* over the petitions and the appeal before it.... The petition to review the PSC order dismissing American Paging's application for a certificate is governed by section 54-7-15, which states in pertinent part:

>> Before any party, stockholder, bondholder, or other person pecuniarily interested in the public utility who is dissatisfied with an order or decision of the commission may commence legal action, the aggrieved party or person shall first proceed as provided in this section.

>> (1) After any order or decision has been made by the commission any party to the action or proceeding ... may apply for review or rehearing in respect to any matters determined in said action or proceeding specified in the application.... No applicant shall in any court urge or rely on any ground not set forth in the application.

> Utah Code Ann. § 54-7-15 (1986). This Court examined section 54-7-15 and its effects upon the Court's jurisdiction in *Utah Department of Business Regulations v. Public Service Commission*, 602 P.2d 696 (Utah 1979). There, the petitioner failed to follow the process outlined in section 54-7-15 and instead filed a petition with this Court. We found that *section 54-7-15 constitutes a "jurisdictional prerequisite" to any judicial review and that "[w]here the outlined procedures [in section 54-7-15] have not been complied with, this Court is without jurisdiction over the subject matter of the dispute." Id.* at 699.

In the instant case, neither American Paging nor any of the intervening parties filed an application for rehearing with the PSC prior to seeking a writ of certiorari. Thus, even though they are interested parties, *their failure to apply for rehearing within twenty days of the Commission's issuance of its order divests this Court of subject matter jurisdiction.* Utah Code Ann. § 54-7-15(1) (1986). Additionally, section 54-7-15 states that petitioning parties can only bring those grounds before this Court that were argued in the application for rehearing. *Id. In the absence of an application for rehearing, the parties are left without anything to appeal. Therefore, this Court has no subject matter jurisdiction* over the petition and will not review the PSC's dismissal of American Paging's application for a certificate.[4]

In this case, the Commission was not properly afforded the opportunity to address the issue of the validity of standby fees on the merits. The only order of the Commission which pertains to the validity issue is the procedural dismissal of Homeowners' effort to include the validity issue in its petition for review in case No. 87-2010-T03, a case wherein the issue had not been previously raised. In any event, even if the summary dismissal were viewed as an order addressing the validity issue, Homeowners was statutorily required to

---

3. 754 P.2d 41.

4. *Id.* at 46 (footnote omitted; emphasis added).

first seek review or rehearing by the Commission of its ruling in order to invoke the jurisdiction of this Court to review the issue.

The case is dismissed for lack of subject matter jurisdiction.

HOWE, Associate C.J., and DURHAM, STEWART and ZIMMERMAN, JJ., concur.