**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**INDUSTRIAL COMMISSION OF UTAH, Anti–Discrimination Division, Felix Jensen, and Brenda Mena, Defendants and Appellees.**

No. 940357–CA.

Court of Appeals of Utah.

Sept. 28, 1995.

Glenn C. Hanni and Robert L. Janicki, Salt Lake City, for Appellant.

Alan L. Hennebold, Salt Lake City, for Appellee Industrial Commission.

Evan A. Schmutz, and Lance N. Long, Provo, for Appellee Brenda Mena.

Before BENCH, JACKSON and WILKINS, JJ.

## OPINION

BENCH, Judge:

State Farm Mutual Automobile Insurance Company (State Farm) appeals from the trial courts' dismissals of its petitions for judicial review of two final orders of the Industrial Commission. We affirm.

## BACKGROUND

Felix Jensen and Brenda Mena each filed separate requests for agency action with the Anti–Discrimination Division (the Division) of the Industrial Commission, alleging that State Farm had participated in discriminatory or prohibited employment practices. The Division's ensuing investigations uncovered evidence in both cases to support the allegations. In both cases, the Division issued a determination and order finding that State Farm had violated the Utah Anti–Discrimination Act (the Act). Both orders notified State Farm that if it wished to appeal the orders "a written request for a formal hearing must be filed with the Director of the Division within thirty (30) days from the date of the issuance of this order." The orders also notified State Farm that "[i]f the director receives no timely request for a hearing, this order becomes the final order of the Commission with no further rights of appeal." [1]

State Farm did not request a formal hearing in either case, but instead filed petitions for judicial review in the district court. The cases were assigned to separate trial judges, both of whom concluded that State Farm had failed to exhaust its administrative remedies and dismissed the cases. State Farm appeals from both rulings. Because the two cases present identical legal issues, they have been consolidated on appeal.

1. This language was used by the Commission in the Mena case. The language in the Jensen case was substantially similar.

2. State Farm argues that *Heinecke v. Department of Commerce*, 810 P.2d 459 (Utah App.1991), is controlling inasmuch as it suggests that where a statute uses the term "may," as in the present case, it is not necessary to exhaust administrative remedies prior to seeking judicial review. State Farm's reliance on *Heinecke* is misplaced. This court in *Heinecke* expressly recognized that be-

## ANALYSIS

■ State Farm argues that the trial courts erred by ruling that it had failed to exhaust its administrative remedies because, under Utah Code Ann. § 34–35–7.1(5) (1993), State Farm had the option either to request an evidentiary hearing by the agency, or to allow the informal Division orders to become the final orders of the Commission and then petition for judicial review in the district court. State Farm's argument turns on the language in section 34–35–7.1(5)(c) and (d):

(c) A party may file a written request to the director for an evidentiary hearing to review de novo the director's determination and order within 30 days of the date of the determination and order.

(d) If the director receives no timely request for a hearing, the determination and order issued by the director requiring the respondent to cease any discriminatory or prohibited employment practice and to provide relief to the aggrieved party becomes the final order of the commission.

State Farm asserts that the use of the term "may" in paragraph "c" gives the aggrieved party the option of filing a written request with the director before seeking judicial review.

The issue raised by State Farm is governed by this court's decision in *Maverik Country Stores, Inc. v. Industrial Comm'n*, 860 P.2d 944 (Utah App.1993).[2] In *Maverik*, on facts similar to the present case, this court addressed the issue of whether it was necessary for a party to exhaust all available administrative remedies under the Act before seeking judicial review. The employee in *Maverik* filed a complaint with the Division alleging a violation of the Act. The Division issued a determination and order in favor of

cause the issue of exhaustion of remedies was not presented nor briefed by the parties, it was not deciding the issue. This court stated that "[w]e do not foreclose fresh consideration of this issue in some future case where the argument is timely raised and properly briefed." *Id.* at 464 n. 6. Therefore, the language in *Heinecke* relied upon by State Farm is mere dicta and is not controlling in this case. *See Maverik*, 860 P.2d at 948 n. 5.

the employee. Maverik requested and received a formal hearing before an Administrative Law Judge (ALJ). The ALJ ruled in favor of the employee.

Section 34–35–7.1(11)(a) of the Act, governing review of orders from formal adjudicative proceedings, provides that "[e]ither party may file a written request for review of the order issued by the presiding officer." Utah Code Ann. § 34–35–7.1(11)(a) (1993). Maverik ignored this provision, allowed the ALJ's order to become the final order of the Commission, and filed a Writ of Review.[3] This court, in dismissing Maverik's appeal, held that a party "adversely affected by an order of an ALJ in an antidiscrimination hearing cannot obtain judicial review of that order until it has been subject to administrative review." *Maverik,* 860 P.2d at 947; *see also Hi–Country Homeowners Assoc. v. Public Serv. Comm'n,* 779 P.2d 682, 684 (Utah 1989) (holding failure to exhaust administrative remedies before seeking judicial review requires dismissal). This court also held that the Act embodies "the general principle that a party must exhaust its administrative remedies prior to obtaining judicial review." *Maverik,* 860 P.2d at 947.

In the present case, State Farm, like Maverik, attempted to opt out of the administrative review process and to prematurely seek judicial review. The only difference between this case and *Maverik,* is that State Farm attempted to seek judicial review at an earlier point in the agency proceedings, prior to the formal hearing. However, the same principles of exhaustion of remedies apply, perhaps with even greater force. The Act provided State Farm with a means to have an evidentiary hearing within the agency. *See* Utah Code Ann. § 34–35–7.1(5)(c) (1993). State Farm chose not to avail itself of this administrative remedy. Consequently, State Farm did not exhaust its administrative remedies prior to seeking judicial review.

■ Contrary to State Farm's argument, the Utah Administrative Procedures Act (UAPA) does not create the option of seeking either administrative review or judicial review. UAPA provides that "[n]othing in this chapter may be interpreted to provide an independent basis for jurisdiction to review final agency action." Utah Code Ann. § 63–46b–1(8) (1993). It further provides that "[a] party may seek judicial review only after exhausting all administrative remedies available." *Id.* § 63–46b–14(2).[4] The Anti–Discrimination Act specifically provides that judicial review is available only from a formal agency adjudication. *See* Utah Code Ann. § 34–35–7.1(12) (1993). In failing to seek a formal agency adjudication, State Farm has failed to exhaust its administrative remedies.

### CONCLUSION

State Farm failed to exhaust all available administrative remedies prior to seeking judicial review. Therefore, the district courts did not err in dismissing State Farm's petitions for review.

JACKSON and WILKINS, JJ., concur.

---

**3.** Section 34–35–7.1(11)(b) of the Act provides that if there is no timely request for review of the ALJ's order, the ALJ's order becomes the final order of the Commission.

**4.** This section allows a party to avoid exhausting all administrative remedies if relieved of such a duty by statute or court order. In the present case, neither exception applies.