**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAURA S. CUMMINGS,

    Plaintiff-Appellant,

v.

EQUITABLE LIFE & CASUALTY
INSURANCE COMPANY, a Utah
corporation,

    Defendant-Appellee.

No. 05-4085
(D.C. No. 2:02-CV-444-C)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Plaintiff-appellant Laura S. Cummings, appearing pro se, appeals from the

district court's March 10, 2005 order confirming an arbitration award in favor of

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

her employer, defendant Equitable Life and Casualty Insurance Company (Equitable). We have jurisdiction under 28 U.S.C. § 1291.

In 1995 and 1996, appellant filed employment discrimination and retaliation charges against Equitable with the Utah Antidiscrimination and Labor Division. Those charges were settled in November 1997 with the parties' adoption of a settlement agreement, and a letter/addendum which contained an arbitration provision. In 2002, appellant filed a complaint in the district court, alleging that Equitable discriminated against her in breach of the settlement agreement and letter/addendum and in violation of state and federal law. Equitable moved to dismiss or, in the alternative, stay all of appellant's claims pending arbitration. On January 21, 2003, the district court issued an Opinion and Order that: (1) dismissed appellant's state claims with prejudice for failure to exhaust state administrative remedies, (2) ruled that all of plaintiff's federal claims should be arbitrated, and (3) stayed her federal claims pending arbitration.

On December 1, 2004, the arbitrator issued her award, ruling in favor of Equitable on all of appellant's claims. Equitable filed a motion to confirm the award in the district court on December 3, 2004. Appellant sought additional time to respond and, on January 5, 2005, was granted sixty days more. On March 1, 2005, appellant filed another motion for enlargement of time but did not wait for the court to rule on her motion. Rather, on March 7, 2005, appellant

filed her response in opposition to the motion to confirm. On March 10, 2005, the district court confirmed the arbitration award.

Appellant argues that: (1) the district court held that all of her claims should be arbitrated, and so the dismissal of her state claims should be reversed so that those claims can be arbitrated; and (2) the confirmation of the arbitration award should be reversed because the district court did not address her pending motion for enlargement of time.

Appellant's first argument is without merit. The district court did not hold that her state claims should be arbitrated; the court held that they should be dismissed for appellant's failure to exhaust state administrative remedies, as required by Utah law. Aplee. Supp. App. at 107. Under Utah law, appellant's failure to obtain a final state administrative decision barred judicial review. See Maverik Country Stores, Inc. v. Indus. Comm'n of Utah, 860 P.2d 944, 947-48 (Utah Ct. App. 1993) (discussing jurisdictional requirement of exhaustion of administrative remedies under Utah Anti-Discrimination Act and Utah Administrative Procedures Act). We note, however, that "a dismissal based on lack of exhaustion should ordinarily be **without** prejudice." Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1139 (10th Cir. 2005). Therefore, we vacate and remand for this limited purpose: for the district court to modify its Opinion and

Order and its Judgment to reflect that its dismissal of appellant's state claims is without prejudice.

Appellant's second argument is also without merit. She filed her response in opposition to Equitable's motion to confirm without waiting for the district court to rule on her motion for enlargement of time to file her response. Under these circumstances, the district court did not err by entering its ruling on the motion to confirm without mentioning her "pending" motion.

We AFFIRM the district court's dismissal of appellant's state claims and VACATE only the court's references to the dismissal being <u>with prejudice</u>. We REMAND only for the district court to amend its judgment to dismiss the state claims <u>without prejudice</u>. We AFFIRM the district court's rulings in all other regards.

Entered for the Court

Mary Beck Briscoe
Circuit Judge