2013 UT App 196

# THE UTAH COURT OF APPEALS

D. DOUGLAS VELANDER,
Plaintiff and Appellant,
*v.*
LOL OF UTAH, LLC, AND *KEVIN G. RICHARDS*,
Defendants and *Appellee*.

Per Curiam Decision
No. 20130391-CA
Filed August 1, 2013

Second District, Ogden Department
The Honorable Mark R. DeCaria
No. 080905254

Samuel A. Hood, Attorney for Appellant
Kevin G. Richards, Appellee Pro Se

Before JUDGES ORME, DAVIS, AND MCHUGH.

PER CURIAM:

¶1     D. Douglas Velander appeals the district court's April 4, 2013 order. We reverse and remand.

¶2     A motion filed pursuant to rule 59 of the Utah Rules of Civil Procedure "shall be served not later than ten days after the entry of the judgment." Utah R. Civ. P. 59(b). When a rule 59 motion is not filed timely, the district court is required to deny the motion. *Burgers v. Maiben*, 652 P.2d 1320, 1321 (Utah 1982). The district court granted Richards's motion to dismiss on December 21, 2012. On January 10, 2013, Velander filed a rule 59 motion to amend the judgment. On April 4, 2013, the district court denied the rule 59 motion on the ground that it was not filed within ten days after the entry of the judgment.

¶3      However, rule 54 of the Utah Rules of Civil Procedure defines a judgment as "any order from which an appeal lies." Utah R. Civ. P. 54(a). To be appealable, an order contemplated as a final, appealable order by the district court "must explicitly direct that no additional order is necessary." *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 30–36, 201 P.3d 966. Otherwise, when the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶ 30. If the prevailing party does not prepare and file an order in accordance with rule 7(f)(2), the non-prevailing party may do so. *See id.* ¶ 38.

¶4      The time period for filing a rule 59 motion runs from the date of entry of an appealable order. *See* Utah R. Civ. P. 54(a). The December 21, 2012 order was not appealable because it failed to comply with the requirements set forth in *Giusti* and rule 7(f)(2). Thus, the district court erred by denying the rule 59 motion on the basis that it was untimely, as the ten-day time period for filing the rule 59 motion did not commence on December 21, 2012, and, indeed, has yet to commence.

¶5      Accordingly, the district court's April 4, 2013 order is reversed.

————————