**2015 UT App 171**

## THE UTAH COURT OF APPEALS

D. DOUGLAS VELANDER,
Plaintiff and Appellant,
*v.*
LOL OF UTAH, LLC, AND *KEVIN G. RICHARDS*,
Defendants and *Appellee*.

Memorandum Decision
No. 20140471-CA
Filed July 9, 2015

Second District Court, Ogden Department
The Honorable Mark R. DeCaria
No. 080905254

Samuel A. Hood, Attorney for Appellant

Brian M. Lindquist, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS and MICHELE M. CHRISTIANSEN
concurred.

ORME, Judge:

¶1 Appellant D. Douglas Velander filed an action to collect a debt against Appellee Kevin G. Richards, among others. More than four years later, the district court dismissed the case for failure to prosecute. Velander appeals, arguing that the district court abused its discretion by dismissing the case. We affirm.

¶2 On August 20, 2008, Velander filed a debt collection action in the district court on behalf of the Velander Family Trust. Richards was one of several defendants named in the complaint. Velander alleged that on August 5, 2005, LOL of Utah, LLC, executed a promissory note in favor of the trust for $71,288 and that this note was due one year from execution. Velander also alleged that Richards was one of five individuals who personally guaranteed payment of the note.

¶3    Richards answered the complaint on September 10, 2008, disputing that he was responsible for payment of the note. Just over four years later, on September 14, 2012, Richards moved for dismissal of the case under rule 41(b) of the Utah Rules of Civil Procedure, arguing that Velander had failed to prosecute. On December 21, 2012, the district court granted that motion.[1]

¶4    "'[We] do not disturb [a trial court's order of dismissal for failure to prosecute] absent an abuse of discretion and a likelihood that an injustice occurred.'" *PDC Consulting, Inc. v. Porter*, 2008 UT App 372, ¶ 5, 196 P.3d 626 (alterations in original) (quoting *Hartford Leasing Corp. v. State,* 888 P.2d 694, 697 (Utah Ct. App. 1994)). Velander essentially argues that the district court abused its discretion in weighing and analyzing the factors outlined in *Westinghouse Electric Supply Co. v. Paul W. Larsen Contractor, Inc.*, 544 P.2d 876, 879 (Utah 1975).

---

1. In his brief, Velander asserts that this December 2012 dismissal is "the order from which this appeal is primarily taken." We acknowledge, however, that the procedural posture of this case is slightly more complicated than what we have just outlined. Following the December 2012 order of dismissal, Velander filed a motion to amend the judgment. *See* Utah R. Civ. P. 59. The district court denied that motion as untimely. Velander appealed, and this court reversed. *Velander v. LOL of Utah, LLC*, 2013 UT App 196, ¶ 5, 307 P.3d 710 (per curiam). Following that appeal, the district court considered Velander's renewed rule 59 motion on its merits. The court denied the motion in April 2014 but acknowledged "two legal errors" contained in its December 2012 order of dismissal. The court incorporated its amended analysis, contained in the April 2014 order, as the "basis for the Court's final order." Velander then filed the instant appeal. Inasmuch as Velander's appeal raises issues that were cured by the court's April 2014 order, we regard those issues as moot. Velander does not claim to appeal that order, and he offers no analysis specific to it.

¶5 In *Westinghouse*, the Utah Supreme Court explained that a dismissal for failure to prosecute would constitute an abuse of discretion if there was justifiable excuse for the delay. *Id.* at 878–79.

> Whether there is such justifiable excuse is to be determined by considering more factors than merely the length of time since the suit was filed. Some consideration should be given to the conduct of both parties, and to the opportunity each has had to move the case forward and what they have done about it; and also what difficulty or prejudice may have been caused to the other side; and most important, whether injustice may result from the dismissal.

*Id.* at 879 (footnote omitted). The district court organized its analysis around these factors in its December 2012 order dismissing the case and in its April 2014 order denying Velander's motion to amend the judgment.

¶6 In attacking the district court's analysis, Velander specifically argues that (1) he was not required to initiate a scheduling conference and Richards's right to conduct discovery was not dependent on such a conference, (2) Richards suffered no prejudice and Velander gained no financial advantage because of the delay in prosecuting the case, and (3) the dismissal caused significant injustice to Velander.[2]

---

2. The district court acknowledged that its December 2012 order erroneously applied rule 26(f) of the Utah Rules of Civil Procedure, as then in effect. *See* Utah R. Civ. P. 26(f) (2011). It also acknowledged that its original order erroneously interpreted the interest rate that would apply to any judgment that might have ultimately been entered in the case. Problematically for Velander, his appeal rests almost entirely on these two claimed errors. Because the district court corrected

(continued…)

¶7     Under rule 41(b), a case can be dismissed "[f]or failure of the plaintiff to prosecute or to comply with [the Rules of Civil Procedure]." Utah R. Civ. P. 41(b). The district court found both that Velander had "not complied with the Utah Rules of Civil Procedure" and that he had "failed to prosecute [his] claim against Richards." The court originally found that Velander had failed to arrange for a scheduling conference in accordance with rule 26(f). *See id.* 26(f) (2011).[3] The court, in its April 2014 order, acknowledged that some of the defendants in the action were not represented by counsel and that rule 26(f) therefore did not apply. *See id.* R. 26(a)(2)(A). The court nevertheless determined that this change in its analysis did not "affect[] its original weighing of the *Westinghouse* factors in any way." Velander's arguments on this point focus entirely on the court's rule 26 analysis, which the court rescinded in its April 2014 order.

---

(…continued)

itself on these two issues and nevertheless determined that dismissal was proper, and because Velander focuses almost exclusively on these two issues throughout his brief, there really is little for us to decide. Accordingly, we briefly review the factors articulated in *Westinghouse Electric Supply Co. v. Paul W. Larsen Contractor, Inc.*, 544 P.2d 876, 879 (Utah 1975), with which Velander takes issue. We conclude that most of Velander's specific arguments are moot. *Cf. Maverik Country Stores, Inc. v. Industrial Comm'n*, 860 P.2d 944, 947 (Utah Ct. App. 1993) (explaining that when "'an administrative agency . . . correct[s] its own errors,'" the controversies become moot) (quoting *Parisi v. Davidson*, 405 U.S. 34, 37 (1972)).

3. With the exception of rule 26 of the Utah Rules of Civil Procedure, which has since been significantly revised, the rules that we cite in this memorandum decision have not been substantively changed since the district court made its decision. Accordingly, except when citing rule 26, we cite the current version of the rules.

Velander's arguments on this first issue are therefore moot and will not be considered further.

¶8      Next, Velander takes issue with the district court's analysis under the fourth *Westinghouse* factor—what difficulty or prejudice may have been caused to Richards.[4] *See K.L.C. Inc. v. McLean*, 656 P.2d 986, 988 (Utah 1982) (per curiam). The district court's

> original ruling found three types of prejudice that [Velander's] failure to prosecute caused [Richards]: 1) the ever-persistent threat of damages in a law suit, 2) the continuing increase of interest owing on the debt throughout the entire span of [Velander's]

---

4. The district court's analysis of the first three *Westinghouse* factors, outside its eventually rescinded rule 26 discussion, included the following:

1.  The Conduct of Both Parties

     Neither party pursued resolution of Plaintiff's claim for over 3 years. The burden of prosecuting a case, however, lies with the Plaintiff.

2.  The Opportunity Each Party has had to Move the Case Forward

     Plaintiff bore the burden to begin the litigation process. Yet, Plaintiff failed to make any attempts to move the case against Richards forward for over three years. . . . [I]t would be foolish for Richards to pressure the Plaintiff to pursue a claim against him. Richards did all that he was required to do.

3.  What Each Party has Done to Move the Case Forward

     Since Richards filed his answer, he has done nothing to move the case against him forward. He, however, was under no obligation to do so. Plaintiff, likewise, did not do anything to move this case forward until about October 2011 when it first began attempting to contact Richards in hopes of settlement.

delay, and 3) the higher rate of interest owed prior
to judgment than after judgment.

In its April 2014 order, the court reversed its finding of the third type of prejudice, and Velander's arguments related to the same are now inapposite. Moreover, Velander does not contest the first form of prejudice. We are thus left to consider whether the district court erred in finding prejudice to Richards because of the increased interest caused by Velander's delay and whether that error, if any, affected the court's weighing of the *Westinghouse* factors.

¶9     There can be no dispute that the interest on the alleged debt increased significantly over time. The note provided for interest at the unusually high rate of three percent *per month*, compounded monthly. The longer the case went unresolved, the more interest accrued on any future judgment. Velander rightly acknowledges that "[t]he only thing that would have mitigated the ballooning interest charges for Richards would be to pay on the obligation." It is counter-intuitive, however, to expect Richards to pay on an obligation that he disputed.[5] Furthermore, while Velander is right that no one can know how long the case might have taken to reach resolution, there is no real dispute

_____

5. Velander questions whether the dispute was made in good faith. At oral argument before this court, counsel for Velander referred to an email in which Richards acknowledged responsibility for the debt, only later to deny all responsibility in his answer. Such a scenario would presumably have triggered an immediate motion to strike the answer and to have sanctions imposed for the apparent violation of rule 11. *See* Utah R. Civ. P. 11(b)(4), (c). Instead, Velander filed nothing regarding the email for forty-eight months. The email was first raised in Velander's motion for summary judgment, filed a week after Richards's motion to dismiss for failure to prosecute. In view of the dismissal, the district court never reached the merits of the summary judgment motion.

that Velander's inaction caused the case to sit dormant for three years, during which three years' worth of exceptionally high interest accrued. So while the prejudice to Richards might not have been as significant as the district court originally thought (when it was under the mistaken impression that the interest rate would decrease once the debt was reduced to judgment), the delay still caused prejudice to Richards by allowing inordinately high interest to accumulate for three years while Velander did nothing vis-à-vis Richards.

¶10    Finally, we consider Velander's argument that dismissal caused him significant injustice. It is important to note that Velander obtained default judgments against each of the other defendants originally named in the complaint, and he did so rather expeditiously. This is not, then, a case where the court's decision not to hear Velander's case on the merits left him wholly without a remedy. And Velander has offered no legitimate excuse for why he could not have pursued his case against Richards with the same swiftness he used in obtaining judgments against the other defendants.

¶11    The only arguments asserted by Velander that were not rendered moot by the district court's April 2014 order were those dealing with the prejudice caused to Richards and the injustice suffered by Velander. The other three *Westinghouse* factors, which the district court determined weighed in favor of dismissing the case, remain unchallenged. We conclude that the prejudice caused to Richards in the form of increased interest was significant—we were told at oral argument that the total debt now due on this note, with a face value just over $71,000, is some $2 million—and Velander's loss of a cause of action against Richards did not result in the sort of injustice that necessarily outweighs the other factors that must be considered. Accordingly, we affirm the district court's dismissal for failure to prosecute.

———————